## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TERESA HALSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-02312-JAR-KMH |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Teresa Halsey filed this employment discrimination action against her former employer, Defendant United Parcel Service ("UPS"), alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). This matter is before the Court on Defendant's Motion to Dismiss (Doc. 5), Plaintiff's Motion for Leave to File Her Response to Defendant's Motion to Dismiss Out of Time (Doc. 9), and Plaintiff's Motion for Leave to File Sur-reply (Doc. 12). Plaintiff's unopposed motion to respond one day out of time is granted.[1] For the reasons explained in detail below, Plaintiff's motion for leave to file a sur-reply is granted in part and denied in part; Defendant's motion to dismiss is granted with respect to Plaintiffs claims of age and sex discrimination, and denied with respect to her claim of retaliation.

---

[1] Plaintiff shall review D. Kan. Rule 15.1. The appropriate procedure is to attach the proposed response to the motion for leave and await the Court's ruling on such motion before filing, the same procedure she invoked in seeking leave to file a sur-reply. Nonetheless, the court retroactively accepts the response (Doc. 8) filed before leave was granted.

## I.      Factual Background

Plaintiff has filed several charges with the Equal Employment Opportunity Commission ("EEOC").  According to the Amended Complaint, she filed a charge of discrimination in 2008 but did not end up filing suit.  In October 2010, she filed a second charge of discrimination; a right to sue letter was issued in April 2012, but she declined to file a lawsuit within the requisite time period.  On October 4, 2012, Plaintiff and a coworker were involved in a verbal disagreement and Plaintiff was terminated for violating UPS's workplace violence policy.  Prior to her termination, UPS had unfairly scrutinized her job performance compared to younger, male counterparts.

Plaintiff submitted an EEOC Intake Questionnaire on March 17, 2013, on which she marked the boxes for "retaliation," "sex," and "age."  Two days later, on March 19, 2013, Plaintiff filed a Charge of Discrimination ("2013 Charge"), on which she checked only the box for "retaliation."  The narrative portion of this charge states:

> On or about October 4, 2012, my coworker began yelling at me and threatening me.  I requested to be moved from my work area.  My supervisor removed me from the area and questioned me about the incident.  I was then notified that I was discharged for threatening my coworker.  I believe I was discharged for my charge of discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended.[2]

On March 12, 2014, Plaintiff filed an Amended Charge of Discrimination ("2014 Amended Charge"), in which she marked the boxes for "sex" and "retaliation."  The narrative portion of the Charge included the same language as the 2013 Charge and inserted the following typeface language just before the original narrative: "I was employed by the above named

---

[2]Doc. 6-1 at 4.

employer from January 1986 until on or about October 4, 2012, most recently as a Strong Side Pick-off Sorter.  I filed a charge of discrimination with the EEOC in October 2012 (563-2011-00169) which was closed in April 2012."[3]  Plaintiff also interlineated the narrative with handwriting that clarified that she "repeatedly" requested to be moved from her work area, and that "after final decision of termination" she "received a notice that [she] was fired for a cuss word not work place violence."[4]  On March 28, 2014, Plaintiff received a right to sue letter from the EEOC.  The cover letter also advises that the EEOC had determined that the 2014 Amended Charge was untimely.

Plaintiff filed this action on June 30, 2014, within ninety days of the 2014 right to sue letter.  The original Complaint alleged one claim of retaliation under Title VII.  Plaintiff filed an Amended Complaint on July 30, 2014, alleging claims of discrimination and retaliation under Title VII on the basis of sex, and of discrimination under the ADEA.  She alleges in the Amended Complaint that she submitted her Intake Questionnaire on March 17, 2013, checking the boxes for "retaliation," "sex," and "age."  With regard to the ADEA claim, Plaintiff alleges that she was one of the oldest two employees in her department, that similarly situated employees under age 40 were not terminated when they engaged in conduct similar to Plaintiff's, and that she sustained damages as a direct and proximate result of Defendant's conduct.

---

[3]Doc. 6-1 at 6.

[4]*Id.*  There is also handwritten language in the left margin of the 2014 Amended Charge.  This language has been cut off of the copy filed with the Court, attempting to insert this language around the words "moved from my work area."  The Court is unable to make out these words.  Plaintiff also wrote out a narrative on a separate piece of paper that was stamped March 14, 2014, and was included in Defendant's Exhibit A, which largely repeats the narrative found on the Charge itself.  *See* Doc. 6-1 at 8.

## II.      Plaintiff's Motion for Leave to File Sur-reply

Defendant moved to dismiss the Amended Complaint, arguing that (1) the age discrimination claim was not administratively exhausted because it was not included in the 2014 Amended Charge; (2) the sex discrimination claim was not timely exhausted; and (3) the retaliation claim fails to allege sufficient facts to state a plausible claim for relief.  Plaintiff responded and argued that her 2013 Intake Questionnaire, which marked age, sex, and retaliation, sufficed to administratively exhaust all claims, and further argued that the Complaint stated a plausible claim of retaliation.  In reply, Defendant argued that because the Intake Questionnaire was not verified, it could not serve as the basis for administrative exhaustion. Plaintiff has moved for leave to file a sur-reply.  Plaintiff argues that Defendant did not raise the verification requirement for the Intake Questionnaire until the reply, so she should be granted leave to respond to that argument in a sur-reply.

"[I]f the court relies on new materials or new arguments in a reply brief, it may not forbid the nonmovant from responding to those new materials."[5]  The Court finds that the grounds stated in Plaintiff's motion for leave as to the Intake Questionnaire are appropriate for granting leave to file a sur-reply.  Plaintiff correctly notes that the Amended Complaint referenced the Intake Questionnaire and should have put Defendant on notice that Plaintiff would rely on the Intake Questionnaire as the charging document for purposes of administrative exhaustion.  While the Court finds it understandable that Defendant would not address this issue until it was asserted by Plaintiff in response given that Plaintiff also references her "Charges" elsewhere in the Complaint, the Court will allow Plaintiff to respond to the arguments raised for the first time in

---

[5]*Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006).

the reply on this issue.

However, the Court notes that the proposed Sur-reply attached to the motion for leave also addresses the merits of the retaliation claim, a wholly separate issue.  The Court will grant Plaintiff's motion insofar as it addresses the verification issue, but no showing has been made that a sur-reply is appropriate on any of the other issues addressed in the reply.  Plaintiff shall file the proposed sur-reply for the record, striking the last section on the retaliation claim.

## III.    Motion to Dismiss

### A.    Subject Matter Jurisdiction—Administrative Exhaustion

Plaintiff brings her claims under Title VII and the ADEA, which both require exhaustion of administrative remedies.[6]  In the Tenth Circuit, failure to exhaust administrative remedies is a jurisdictional bar to filing suit in federal court.[7]  Because exhaustion of administrative remedies is a jurisdictional requirement, the plaintiff bears the burden of showing exhaustion.[8]  To exhaust administrative remedies, a plaintiff must file a charge of discrimination with either the EEOC or an authorized local agency and receive a right-to-sue letter based on that charge.[9]

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[10]  A court lacking jurisdiction must dismiss the case,

---

[6]*Shikles v. Sprint/United Mgmt. Co*., 426 F.3d 1304, 1317 (10th Cir. 2005).

[7]*Id.*; *Mackley v. TW Telecom Holdings, Inc*., 296 F.R.D. 655, 665 (D. Kan. 2014).

[8]*McBride v. CITGO Petroleum Corp*., 281 F.3d 1099, 1106 (10th Cir. 2002).

[9]*Mackley*, 296 F.R.D. at 665.

[10]*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent.  They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[11]

The party who seeks to invoke federal jurisdiction bears the burden of establishing that such

jurisdiction is proper.[12]  "Thus, plaintiff bears the burden of showing why the case should not be

dismissed."[13]  Mere conclusory allegations of jurisdiction are not enough.[14]

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes

one of two forms: a facial attack or a factual attack.  "First, a facial attack on the complaint's

allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In

reviewing a facial attack on the complaint, a district court must accept the allegations in the

complaint as true."[15]  "Second, a party may go beyond allegations contained in the complaint and

challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual

attack on subject matter jurisdiction, a district court may not presume the truthfulness of the

complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents,

and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[16]

Here, Defendant raises a factual challenge to the Court's subject matter jurisdiction and

submits exhibits in support of its contention that subject matter jurisdiction is lacking: the 2013

---

[11]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[12]*Montoya*, 296 F.3d at 955.

[13]*Harms v. IRS*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001).

[14]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[15]*Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted).

[16]*Holt*, 46 F.3d at 1003 (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325); *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

Charge and the 2014 Amended Charge, as well as the 2014 right to sue letter.[17]  Plaintiff has

submitted the Intake Questionnaire.[18]  The Court considers all of these documents in addition to

the facts alleged in the Amended Complaint in deciding the motion.

      Defendant argues that Plaintiff failed to exhaust her administrative remedies as to the

age discrimination claim because neither her 2013 Charge nor the 2014 Amended Charge set

forth any allegation of age discrimination; neither charge contains a check in the "age" box.  In

response, Plaintiff argues that her EEOC Intake Questionnaire is sufficient to constitute a charge

for both the age and sex discrimination claims because it was filed within the applicable time

period and included allegations of age and gender discrimination.  Defendant replies that the

questionnaire is not sufficient to constitute a charge because the questionnaire must be

verified—a requirement Plaintiff disputes.  In her sur-reply, Plaintiff denies that the

questionnaire needs to be verified and asks in the alternative for the Court to grant a stay of this

matter in order to allow Plaintiff to verify her claims.

      The issue presented by the parties' briefs is therefore whether the 2013 Intake

Questionnaire constitutes the operative charge in this case.  If it does not constitute the charge,

then Plaintiff's age claim was not exhausted since this is the only document that includes a claim

of age discrimination.  In *Federal Express Corp. v. Holowecki*,[19] the United States Supreme

Court considered what constitutes a charge under the ADEA.  The Court held that

> In addition to the information required by the regulations, i.e., an
> allegation and the name of the charged party, if a filing is to be deemed a

---

[17]Doc. 6, Exs. A, B.

[18]Doc. 8, Ex. A.

[19]552 U.S. 389 (2008).

charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.[20]

The Court explained that whether a filing can be construed as a request for agency action must be evaluated from the standpoint of an objective observer; the "filer's state of mind" is not determinative.[21]  Moreover, the Court explained that "[p]ostfiling conduct does not nullify an earlier, proper charge."[22]  The Court also stated that "the agency is not required to treat every completed Intake Questionnaire as a charge."[23]

In applying this rule to the EEOC intake questionnaire completed by the respondent in that case, the Court determined that the questionnaire was properly construed as a charge because it contained all of the requirements found in the EEOC regulations, and because the questionnaire was accompanied by a detailed affidavit that asked the EEOC "to please force Federal Express to end their age discrimination plan."[24]  The Court found that this language in the attached affidavit was an objective request for agency action.[25]  The Court further found that the fact that the respondent filed a formal charge with the EEOC post-lawsuit, is not determinative of whether the earlier documents could be interpreted as a request for agency action.[26]

---

[20]*Id.* at 402.

[21]*Id.*

[22]*Id* at 405.

[23]*Id.*

[24]*Id.*

[25]*Id.* at 406.

[26]*Id.*

The Tenth Circuit considered the *Holowecki* case in *Semsroth v. City of Wichita*,[27] and evaluated whether intake questionnaires sufficed as charges with respect to three different plaintiffs.  The EEOC in that case sent all three plaintiffs letters instructing them that their intake questionnaires did not constitute charges, and directing them to take additional steps in order to perfect a formal charge.  Two of the plaintiffs received right to sue letters from the EEOC; one did not.  The Tenth Circuit determined that the right-to-sue letters were strong evidence that those two plaintiffs took the additional steps directed by the EEOC in the post-questionnaire correspondence, while the lack of a right-to-sue letter for the third plaintiff strongly suggested that she did not take the required additional steps.[28]  Without additional evidence, the court determined that the third plaintiff's appeal must be dismissed for failure to exhaust.[29]  In contrast, the court found that the post-questionnaire correspondence, coupled with right-to-sue letters, were sufficient to demonstrate that the first two plaintiffs requested agency action.[30]

The parties in this case focus their arguments on whether verification was required for the Intake Questionnaire to be considered a charging document.  Essentially, they dispute the information required by the regulations to be included on a charge.  Defendant argues that the statute and regulations require verification.[31]  Plaintiff argues that Supreme Court jurisprudence makes clear that verification of the original document does not dictate whether that document

---

[27]304 F. App'x 707 (10th Cir. 2008).

[28]*Id.* at 714.

[29]*Id.*

[30]*Id.*

[31]*See* 42 U.S.C. § 2000e-5 ("Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires."); 29 C.F.R. § 1601.9 (requiring a charge to be in writing, signed and verified).

can be considered a charge because a subsequent verification can relate back to the original filing.[32]  The Court agrees that the verification requirement can be cured by a later document that relates back to the original filing.[33]

But assuming that Plaintiff's Intake Questionnaire was verified by the later-filed charges, the Court still must determine whether it meets the other requirements set forth in *Holowecki* to constitute a charging document.  The Court finds that the questionnaire in this case is distinguishable from those in *Holowecki* and *Semsroth* because, unlike in those cases, the Plaintiff here filed two formal charges after the questionnaire and *before* filing this lawsuit.  The facts of this case are instead on all fours with the Tenth Circuit's 2012 decision in *Green v. JP Morgan Chase Bank National Association.*[34]  In *Green*, the plaintiff filed a formal charge of discrimination with the Oklahoma Human Rights Commission ("OHRC") alleging race discrimination only.[35]  Then, in his complaint in federal court, the plaintiff added a retaliation claim.[36]  Relying on *Holowecki*, the plaintiff argued that the retaliation claim was not barred because his intake questionnaire clearly set forth allegations of retaliation and could be construed as a request for agency action.[37]  The Tenth Circuit disagreed, noting that "*Holowecki* did not address the situation . . . where a claimant files an initial intake questionnaire, then timely files a

---

[32]*See Edelman v. Lynchburg Coll.*, 535 U.S. 106 113–14 (2002) (finding that the verification requirement can be cured by relation back).

[33]*Id.*

[34]501 F. App'x 727 (10th Cir. 2012).

[35]*Id.* at 730.

[36]*Id.*

[37]*Id.* at 731.

formal charge that becomes the basis of the agency's investigation, all before commencing a lawsuit."[38]  The court continued, "it would defeat the statutory scheme to find exhaustion where an employee includes a claim in the intake questionnaire, but then omits it in a timely subsequent formal charge that forms the basis for the administrative proceedings."[39]

Following the Tenth Circuit's decision in *Green*, the Court finds that Plaintiff's Intake Questionnaire did not constitute a charge; it cannot be used to expand the scope of her formal charges filed after the questionnaire and before the commencement of her lawsuit.[40]  Plaintiff included a claim of age discrimination on the Intake Questionnaire but then omitted that claim in the subsequently-filed 2013 Charge and 2014 Amended Charge.  These charges effectively superseded the Intake Questionnaire.  Because Plaintiff filed two formal charges before the commencement of the case, and after the Intake Questionnaire, the questionnaire cannot be used to expand the scope of the formal charges.  Plaintiff thus failed to exhaust her administrative remedies as to the age discrimination claim since it appears in neither formal charge.  The Court lacks subject matter jurisdiction over the age discrimination claim and dismisses that claim without prejudice for lack of subject matter jurisdiction.  Because Plaintiff included the sex discrimination and retaliation claims in the formal charges, the Court proceeds to consider whether they state a claim upon which relief may be granted.

---

[38]*Id.*

[39]*Id.* (citing *Barzanty v. Verizon Pa., Inc.*, 361 F. App'x 411, 415 (3d Cir. 2010)).

[40]*Id.*; *see also Barzanty*, 361 F. App'x at 415; *Williams v. Cnty. of Cook*, 969 F. Supp. 2d 1068, 1075–76 (N.D. Ill. 2013).

**B.     Failure to State a Claim—Timely Exhaustion and Sufficiency of Factual Allegations**

To survive a motion to dismiss for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[41]  Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[42]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[43] but requires more than "a sheer possibility."[44]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*[45] seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[46]  *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[47]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of

---

[41]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[42]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[43]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[44]*Id.*

[45]550 U.S. 544 (2007).

[46]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[47]*Id.* (citing *Twombly*, 550 U.S. at 556).

12

a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[48]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[49]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[50]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[51]

### 1.   Sex Discrimination

Defendant moves to dismiss Plaintiff's sex discrimination claim on the basis that the 2014 Amended Charge was not timely exhausted.  "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."[52]  A plaintiff's allegation is timely if she files her EEOC charge within 300 days of the alleged unlawful employment practice.[53]

Plaintiff again relies on her Intake Questionnaire in arguing that this claim was timely exhausted.  But the filing date of the questionnaire is only relevant if it is deemed a charge.  As

---

[48]*Iqbal*, 556 U.S. at 678.

[49]*Id.* at 678–79.

[50]*Id.* at 679

[51]*Id.* at 678.

[52]*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

[53]*Semsroth v. City of Wichita*, 304 F. App'x 707, 714 (10th Cir. 2008).

already explained, the Intake Questionnaire here cannot be deemed a charge because a formal charge was filed after the questionnaire and before the commencement of the lawsuit.[54]  The filing date of the questionnaire is therefore irrelevant; the only relevant date is the date of the 2014 Amended Charge, where the sex discrimination claim first appears.  The parties agree that the date of the 2014 Amended Charge is more than 300 days after the alleged discrimination.  Therefore, Plaintiff failed to timely exhaust her administrative remedies as to the sex discrimination claim and it must be dismissed with prejudice.

### 2.     Retaliation

Defendant moves to dismiss the retaliation claim on the basis that the facts alleged in the Amended Complaint are not sufficient to state a plausible claim for relief.  The elements of a prima facie claim of retaliation are: (1) the employee engaged in protected opposition to discrimination; (2) the employee suffered an adverse employment action during or after his protected opposition that a reasonable employee would have found materially adverse; and (3) a causal connection exists between the protected activity and the materially adverse action.[55]  The Supreme Court has recently clarified that a Title VII plaintiff asserting a claim of retaliation must show that his protected activity was the but-for cause of the alleged adverse employment action.[56]     In *Khalik v. United Air Lines*,[57] the Tenth Circuit provided an extensive analysis

---

[54]*Id.*

[55]*Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1201–02 (10th Cir. 2008); *McGowan v. City of Eufala*, 472 F.3d 736, 741 (10th Cir. 2006).

[56]*Univ. of Tex. S.W. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).

[57]671 F.3d 1188 (10th Cir. 2012).

of the pleading standard for employment discrimination and retaliation claims under *Twombly*.[58]
In its discussion, the court recited the elements that a plaintiff must prove to establish a prima
facie case of discrimination and retaliation under Title VII and the FMLA.[59]  The court was
careful to note that under *Twombly*, the plaintiff is not required to "set forth a prima facie case
for each element" to successfully plead her claim of discrimination.[60]  Instead, she is only
required to "set forth plausible claims."[61]

  The court provided a list of the facts an employment discrimination plaintiff could
reasonably be expected to know and allege to satisfy the plausibility requirement of *Twombly*:
(1) who the plaintiff requested FMLA leave from and who denied her, (2) when the plaintiff
requested leave and for what purpose, (3) who she complained to about not receiving leave and
when she was terminated, (4) how the defendant treated the plaintiff compared to similarly
situated individuals, (5) why the reasons given by her employer for her termination were
pretextual, (6) what made the plaintiff believe the defendant's actions were connected to
discrimination, (7) who the plaintiff complained to about the discrimination, when she
complained, and what the response was, and  (8) who criticized the plaintiff's work, what was
said, and how she responded to the criticism.[62]  The court was clear that the plaintiff need not
provide every fact listed, only that such claims required "some further detail for a claim to be

---

[58]*Khalik*, 671 F.3d at 1193–94.

[59]*Id.* at 1192.

[60]*Id.* at 1194.

[61]*Id.*

[62]*Id.*

plausible."[63]

Defendant argues first that Plaintiff cannot allege a plausible claim of retaliation based on filing her 2010 EEOC Charge two years before her termination, a period of time that is too protracted as a matter of law to permit an inference of retaliation.  Defendant is correct, that temporal proximity, standing alone, is insufficient to establish causation unless the adverse action is followed very closely by the protected activity.[64]  If the termination is not very closely connected temporally to the protected activity, the plaintiff must rely on additional evidence of causation.[65]  Plaintiff responds that the temporal proximity between her right-to-sue period and her termination, suggests retaliatory animus, especially given that she had a history of filing EEOC charges.  The Court agrees with Defendant however, that temporal proximity is not measured against the date of the right-to-sue letter; the protected activity occurred when the plaintiff filed her charges in 2010.[66]  Thus, temporal proximity alone would not support the causation element of Plaintiff's retaliation claim.

But temporal proximity is not the end of the inquiry.  Plaintiff alleges facts other than temporal proximity that, assumed to be true, could establish causation and pretext: anomalies with Defendant's stated reason for termination, the fact that similarly situated individuals were treated differently for similar conduct, the fact that the other employee involved in the October 4, 2012 altercation was not terminated for violation of the workplace violence policy, and the fact

---

[63]*Id.*

[64]*Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999).

[65]*Id.*

[66]*See Xia v. Salazar*, 503 F. App'x 577, 580 (10th Cir. 2012) (discussing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)).

that Plaintiff was terminated for workplace violence despite the fact that no physical altercation took place.  The Court agrees that these facts, when assumed to be true, are sufficient to state a claim of retaliation under Title VII.  Defendant's motion to dismiss the retaliation claim is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 5) is **granted in part and denied in part**.  Plaintiff's age discrimination claim is dismissed without prejudice for lack of subject matter jurisdiction.  Her sex discrimination claim is dismissed with prejudice for failure to state a claim.  The motion is denied with respect to Plaintiff's retaliation claim.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File Her Response to Defendant's Motion to Dismiss Out of Time (Doc. 9) is **granted**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File Sur-reply (Doc. 12) is **granted**.  Plaintiff shall file the proposed sur-reply for the record, striking the last section on the retaliation claim.

Dated: January 6, 2015

 S/ Julie A. Robinson          

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE